Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| ANDREA SANTIAGO TOLEDO<br><br>Recurrente<br><br>v.<br><br>MANUEL VÉLEZ MÉNDEZ H/N/C TMC DISTRIBUTORS, PENTAGON FEDERAL CREDIT UNION<br><br>Recurrida | TA2025RA00387 | Revisión Administrativa procedente del Departamento de Asuntos del Consumidor<br><br>Querella Núm.: SAN-2024-00019191<br><br>Sobre: Compraventa de Vehículos de Motor |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 11 de diciembre de 2025.

Vale recordar que la jurisdicción es "el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias". *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020) (citando a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019)). En función de ello, los tribunales deben constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374 (2020) (citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007)). Como consecuencia, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso. *Cancel Rivera v. González Ruiz*, 200 DPR 319 (2018). Una sentencia dictada sin jurisdicción es nula en derecho y se considera inexistente. *Shell v. Srio. Hacienda*, 187 DPR 109 (2012). Ante dicho escenario, la Regla

83 del *Reglamento del Tribunal de Apelaciones* contempla la desestimación o denegación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. Véase Regla 83(B) y (C) del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

De otra parte, la *Ley de la Judicatura de 2003* delimita la facultad revisora de este Tribunal de Apelaciones. En lo pertinente, dicha ley establece que se podrá recurrir ante este Foro "[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas". Art. 4.005 de la Ley Núm. 201-2003 (4 LPRA sec. 24y). Ello resulta igualmente compatible con los dispuesto en la Sección 4.2 de la Ley Núm. 38-2017 (3 LPRA sec. 9672) y la Regla 56 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). De modo equivalente, la jurisprudencia del Tribunal Supremo de Puerto Rico ha limitado la revisión judicial de decisiones administrativas a aquellas instancias en que se trate de órdenes o resoluciones finales, y en las que la parte que solicita la revisión haya agotado todos los remedios provistos por la agencia administrativa. *Fuentes Bonilla v. ELA et al.*, 200 DPR 364 (2018) (citando a *Tosado v. AEE*, 165 DPR 377 (2005)).

Cónsono con lo anterior, la Ley Núm. 38-2017 establece que la parte adversamente afectada por una resolución final podrá presentar una moción de reconsideración dentro del término jurisdiccional de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden. Sec. 3.15 de la Ley Núm. 38-2017 (3 LPRA sec. 9655); Reglamento de Procedimientos Adjudicativos, Reglamento Núm. 8034 de 14 de junio de 2011, Regla 29.1, pág. 30. Si la agencia en cuestión rechazare la solicitud de plano o no actuare dentro de los

quince (15) días dispuesto por ley, el término de treinta (30) días para recurrir ante el Tribunal de Apelaciones comenzará a partir de la notificación de la denegatoria o desde que se expiren los referidos quince (15) días, según sea el caso. Secs. 3.15 y 4.2 de la Ley Núm. 38-2017 (3 LPRA secs. 9655, 9672); Reglamento de Procedimientos Adjudicativos, *supra*, págs. 30-31. Del último día del término caer en un sábado, domingo o día de fiesta legal, se extenderá el plazo hasta el fin del próximo día que no sea de los antes mencionados. Regla 68.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V). *Véase Moreno Lorenzo v. Dept. de la Familia*, 207 DPR 833 (2021).

En el presente caso, la recurrente presentó su recurso de revisión judicial de manera tardía. Se desprende del expediente que la señora Andrea Santiago Toledo recurre de una *Resolución* emitida y notificada el 24 de octubre de 2025, por lo cual la recurrente tenía hasta el lunes, 24 de noviembre de 2025 para presentar su recurso. No obstante, la recurrente presentó su recurso el 8 de diciembre de 2025, más de treinta (30) días después de la notificación de la *Resolución*. Por tanto, ante la falta de alguna evidencia o referencia a una solicitud de reconsideración que haya interrumpido el término para recurrir, este Tribunal carece de la jurisdicción para evaluar la presente controversia en sus méritos.

Por los fundamentos expresados, desestimamos el presente recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones